OPINION *Page 2 
{¶ 1} Defendant-appellant, Kenneth H. Brewer (hereinafter "Brewer"), appeals the Marion Municipal Court judgment of conviction and imposition of sentence for a zoning code violation. We affirm.
 {¶ 2} On April 28, 2007, Tammy Thomas called the Marion Police Department to report an assault that occurred at her apartment located at 589 East Church Street, Unit B in Marion County, Ohio. (Feb. 7, 2008 Tr. at 9). Officers Todd Monnette and Jeremiah Armstrong of the Marion Police Department reported to the scene to investigate. (Id.). At some point during the investigation, Monnette returned to his law enforcement vehicle to radio dispatch, while Armstrong remained in the apartment. (Id. at 11). At that time, dispatch advised Monnette that the city law director's office requested that photographs of the apartment be taken for a suspected zoning code violation. (Id. at 11, 17-22); (Defendant's Ex. A). Monnette returned to the apartment, advised Armstrong of his conversation with dispatch, and Armstrong photographed the apartment. (Id. at 11).
 {¶ 3} On June 6, 2007, Brewer was charged with a violation of Marion City zoning code section 1121.03, a second offense fourth degree misdemeanor. The summons provided, in pertinent part:
 * * * ON OR ABOUT THE 28TH DAY OF APRIL 2007 DID VIOLATE M.C.C. 1121.03 BY EXPANDING THE USE OF *Page 3 TWO — ONE BEDROOM DWELLING UNITS ON THE PREMISES AT 589 E. CHURCH STREET NOT IN CONFORMANCE WITH THE CITY OF MARION ZONING CODE AND/OR THE VARIANCE GRANTED BY THE BOARD OF ZONING APPEALS ON 5/7/79.
(Doc. No. 1). On August 15, 2007, Brewer filed a motion to dismiss pursuant to Crim. R. 12(A), which the trial court denied on October 25, 2007. (Doc. Nos. 8, 14). On February 7, 2008, the matter came on for trial, and the court found Brewer guilty. On February 20, 2008, the trial court sentenced Brewer to thirty (30) days in jail and a $250.00 fine plus costs; however, the trial court ordered that the thirty (30) days and $150.00 of the fine be suspended on conditions that Brewer abide by the laws of the State of Ohio and its subdivisions for one year and not have any further zoning violations. (Doc. No. 30).
 {¶ 4} On March 7, 2008, Brewer filed this present appeal and now asserts one assignment of error for our review.
 ASSIGNMENT OF ERROR The warrantless search of the premises owned by the Defendant-appellant violated the fourth amendment of the United States Constitution and Article I, Section 14 Of the Ohio Constitution. (Tr. 3-5).
 {¶ 5} In his sole assignment of error, Brewer argues that law enforcement's search of the dwelling leased and owned by him was in violation of the Fourth Amendment and its Ohio counterpart. Specifically, Brewer argues that law enforcement entered the apartment without a warrant or consent and took *Page 4 
pictures of the apartment, which were used to convict him of a zoning code violation. Brewer also argues that no exceptions to the warrant requirement apply in this case. Brewer alleges that he has an expectation of privacy in the apartment by virtue of ownership, his statutory duties to maintain and inspect the apartment, and his right to enter the premises.
 {¶ 6} The City of Marion, on the other hand, argues that Brewer lacks standing to challenge the search, because the apartment was occupied by a tenant and Brewer is only the landlord. As such, Marion argues that Brewer has no expectation of privacy in the apartment to establish standing. We agree.
 {¶ 7} The Fourth Amendment protects persons from "unreasonable searches and seizures" by the government. State v. Jackson,102 Ohio St.3d 380, 2004-Ohio-3206, 811 N.E.2d 68, ¶ 8, citing State ex rel. RearDoor Bookstore v. Tenth Dist. Court of Appeals (1992),63 Ohio St.3d 354, 364, 588 N.E.2d 116. Section 14, Article I of the Ohio Constitution is interpreted to provide the same protections as the Fourth Amendment.State v. Robinette (1997), 80 Ohio St.3d 234, 238, 685 N.E.2d 762. Evidence seized in violation of the Fourth Amendment will be suppressed pursuant to the exclusionary rule. Jackson, 2004-Ohio-3206, at ¶ 8, citing State v. Jones (2000), 88 Ohio St.3d 430, 434, 727 N.E.2d 886. However, the defendant must have a reasonable expectation of privacy in the evidence seized for standing to challenge the search or seizure. Id., citing Alderman v. United States (1969), 394 U.S. 165, 171-172,89 S.Ct. 961, *Page 5 22 L.Ed.2d 176. Defendant bears the burden of establishing that he/she had a legitimate expectation of privacy in the area searched. State v.Dennis (1997), 79 Ohio St.3d 421, 426, 683 N.E.2d 1096, citingRawlings v. Kentucky (1980), 448 U.S. 98, 104, 100 S.Ct. 2556,65 L.Ed.2d 633.
 {¶ 8} Brewer has failed to demonstrate that he had a legitimate expectation of privacy in the apartment unit occupied by his tenants. Brewer places an emphasis on his property rights; however, ownership of the property searched does not, in and of itself, establish standing to challenge a search or seizure. U.S. v. Salvucci (1980), 448 U.S. 83, 91,100 S.Ct. 2547, 65 L.Ed.2d 619. Generally, it is the tenant, not the landlord, who has a legitimate expectation of privacy in the leased dwelling. State v. Smith (Tenn.Crim.App. 1983), 656 S.W.2d 882, 887, citing Chapman v. U.S. (1961), 365 U.S. 610, 616-17, 81 S.Ct. 776,5 L.Ed.2d 828. Although this Court has found no Ohio case law on this issue, several federal courts have found that a landlord lacks standing under circumstances similar to this case. See, e.g., Shamaeizadeh v.Cunigan (C.A. 6, 2003), 338 F.3d 535, 544-45 (holding that property owner who lived in one story house with a basement lacked standing to contest search of basement which he rented to two tenants because he did not have a reasonable expectation of privacy in basement); Miller v.Kunze (C.A. 6, 1989), 865 F.2d 259 (Table), 1988 WL 138916, at *4 (per curiam), overruled on other grounds by Bonds v. Cox (C.A. 6, 1994),20 F.3d 697 (landlord did not have standing to assert Section 1983 claim on the basis of an *Page 6 
illegal search because landlord did not have reasonable expectation of privacy to leased dwelling); Dearmore v. City of Garland (N.D. Tex. 2005), 400 F.Supp.2d 894, 900 ("The court agrees that the property owner has no expectation of privacy if the property is leased."), citingUnited States v. Dyar, 574 F.2d 1385, 1390 (C.A. 5, 1978), cert.denied, 439 U.S. 982, 99 S.Ct. 570, 58 L.Ed.2d 653 (1978) (an owner of a leasehold interest in an aircraft had no expectation of privacy, and therefore lacked standing, when possession of the aircraft was given to another); Miller v. Hassinger (C.A. 3, 2006), 173 Fed. Appx. 948, 952 (per curiam) (landlord did not establish standing to assert Section 1983 cause of action on the basis of an alleged search of an apartment that was occupied by a tenant when landlord did not assert that he had access to the apartment, stayed in the apartment, or kept personal items there); DiBlasi v. Borough of East Rutherford (D. N.J. 2006), Civ. No. 05-1980, 2006 WL 2246374, at *6 (plaintiff did not have standing to challenge search of apartments he leased). See, also, United States v.Rios, 611 F.2d 1335, 1345 (C.A. 10, 1979) (finding that mobile home owner had no expectation of privacy where, despite his ownership of the property, he did not live in it, take normal precautions to maintain privacy in the home, or use the home in such a way as to justify an expectation of privacy). Furthermore, landlords lack standing to assert a tenant's Fourth Amendment rights. Rozman v. City of Columbia (C.A. 8, 2001), 268 F.3d 588, 591. *Page 7 
 {¶ 9} Like the landlords that raised Fourth Amendment violations in these aforementioned cases, Brewer leased the searched apartment to a tenant who was in possession at the time of the search. Accordingly, Brewer did not have an expectation of privacy in the apartment sufficient to establish standing to challenge the search. Furthermore, Brewer is not permitted to challenge any alleged violation of his tenant's Fourth Amendment rights either. Rozman, 268 F.3d at 591.
 {¶ 10} In addition to lacking standing, Brewer has failed to preserve this issue for appeal. Crim. R. 12(C)(3) requires that motions to suppress evidence be filed with the trial court before trial. Crim. R. 12(D) specifically provides that "[a]ll pretrial motions except as provided in Crim. R. 7(E) and 16(F) shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier." Failure to file a motion to suppress evidence within Crim. R. 12(D)'s time limitation constitutes a waiver of that issue on appeal. Crim. R. 12(H); State v. Stuber, 3d Dist. No. 1-02-66, 2003-Ohio-982, ¶ 10. See also, State v. Campbell (1994), 69 Ohio St.3d 38, 44,630 N.E.2d 339, citing State v. Wade (1978), 53 Ohio St.2d 182,373 N.E.2d 1244, paragraph three of the syllabus, vacated on other grounds (1978),438 U.S. 911, 98 S.Ct. 3138, 57 L.Ed.2d 1157; State v. F.O.E. Aerie2295 (1988), 38 Ohio St.3d 53, 526 N.E.2d 66, paragraph two of the syllabus ("By failing to file a motion to suppress illegally obtained evidence, a defendant waives any objection to its admission."). Brewer failed to file a motion *Page 8 
to suppress with the trial court in accordance with Crim. R. 12(C)(3) and (D); and therefore, has waived any challenge to the search's constitutionality for purposes of appeal.
 {¶ 11} Brewer's oral motion in limine to exclude all evidence on the basis that it was not "obtained legitimately and properly" did not preserve this issue on appeal. (Feb. 7, 2007 Tr. at 4). Although Brewer made a motion in limine at trial, on appeal he does not assert that the trial court erred in denying his motion in limine; but rather, Brewer asserts that the search was unconstitutional. Under these circumstances, Brewer's failure to file a motion to suppress constitutes a waiver of this issue on appeal. State v. Deering (Oct. 9, 1979), 11th Dist. No. 7-060, at *1, citing Wade, 53 Ohio St.2d 182.
 {¶ 12} Since Brewer lacks standing to challenge the search's constitutionality and has failed to preserve the issue for appeal, his assignment of error is overruled.
 {¶ 13} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 SHAW, P.J., and ROGERS, J., concur. *Page 1