[Cite as *State v. Still*, 2022-Ohio-242.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
MARION COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                  CASE NO. 9-21-21

      v.

JAMES D. STILL,                        O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Marion Municipal Court
Trial Court No. TRC 197520

Judgment Affirmed

Date of Decision: January 31, 2022

APPEARANCES:

    *Edwin M. Bibler* for Appellant

    *Jeffrey Ratliff* for Appellee

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, James D. Still ("Still"), appeals the June 2, 2021 judgment entry of the Marion Municipal Court after Still was found guilty (by a jury) of "Operating vehicle under the influence of alcohol or drugs - OVI" (hereinafter "OVI"). On appeal, Still challenges that the verdict is not supported by sufficient evidence and is against the manifest weight of the evidence. For the reasons set forth below, the judgment is affirmed.

{¶2} This genesis of this case is the observation of Still driving and the subsequent interaction of Still (while seated in his vehicle in the Rally's parking lot in Marion, Marion County, Ohio) with two City of Marion Police Officers, Chris Coburn ("Coburn") and Dylan Kelley ("Kelley"). Based on their interactions with Still, Coburn and Kelley detected an odor of alcohol on Still's person. As a result, Still was arrested and transported back to Marion Police Department where he voluntarily submitted to a chemical-breath test. (Doc. No. 4). After his breath test yielded a result of 0.044, Kelley asked Still to consent to a chemical-urine test that was to be submitted to the lab for testing. (*Id.*). Still voluntarily agreed to the test and was later released. (*Id.*). After receiving the test results back, Kelley made contact with Still in August 2019. (*Id.*). Still represented to Kelley that he was out-of-town and stated that would get back with Kelley once he returned. (*Id.*). Receiving no further contact from Still, Kelly issued a citation for OVI in violation

of R.C. 4511.19(A)(1)(j)(viii)(II), a first-degree misdemeanor, against Still on November 7, 2019.[1] (Doc. No. 1).

{¶3} On November 12, 2019, Kelley submitted an affidavit to the trial court requesting that an arrest warrant be issued for Still, since Still had made had no further contact with him. (Doc. No. 4). The warrant was served on Still on December 23, 2019. (Doc. No. 5). Still posted a cash bond and was ordered to appear on December 26, 2019 for his arraignment. (Doc. No. 6). Still failed to appear for his arraignment and a bench warrant was issued for his arrest. (Doc. No. 7). Still was not apprehended on the bench warrant until October 10, 2020. (Doc. No. 8). Still appeared for arraignment entering a plea of not guilty, requested the appointment of counsel, and received a bond modification resulting in a reduction in his cash bond. (Doc. No. 9).

{¶4} On May 23, 2021, Still (through his appointed counsel) filed a demand for testimony under R.C. 2925.51(C) of the criminalist who analyzed the evidence identified as Laboratory Number 18-026949, in his case. (Doc. No. 36). The State filed a memorandum on May 24, 2021 in opposition to his demand asserting the statute was inapplicable to the traffic offense and that his demand was untimely as filed. (Doc. No. 37). The trial court denied Still's request.

---

[1] The citation reflected an issuance date of January 18, *2018*; however, it appears to have been issued on January 18, *2019* given the date of offense. (Emphasis added.) (Doc. No. 1).

{¶5} The jury trial commenced on June 2, 2021, and the jury found Still guilty of OVI. (Doc. Nos. 46, 47); (June 2, 2021 Tr. at 261). The trial court then sentenced Still to 180 days in jail and a $1,500 fine.[2] (Doc. No. 48); (*Id.* at 264-266).

{¶6} On June 25, 2021, Still filed timely notice of appeal. (Doc. No. 54). He presents two assignments of error for our review, which we will address together.

### Assignment of Error No. I

**There Was Insufficient Evidence Of OVI In Violation Of R.C. 4511.19(A)(1)(j)(viii)(II).**

### Assignment of Error No. II

**The Conviction Of Appellant Is Against The Manifest Weight Of The Evidence.**

{¶7} In his first and second assignments of error, Still argues that his conviction is not based on sufficient evidence and is against the manifest weight of the evidence. In particular, in his first assignment of error, he argues that the State failed to prove the prohibited marijuana metabolite concentration level under the statutory scheme. In his second assignment of error, Still reasserts this argument.[3]

---

[2] 160 days of Still's jail sentence and $750 of his fine were suspended on certain conditions. (Doc. No. 48); (June 2, 2021 Tr. at 265-266). Still received jail-time credit for four days previously served towards his 16-day jail sentence to be served, and his operator's license was suspended for a period of three years commencing June 2, 2021 and through June 2, 2024. (*Id.*); (*See id.* at 6, 264-266).

[3] In Still's second assignment of error, he states "[a]s the arguments are contained in assignment of [e]rror [n]umber [t]wo, [] incorporates those arguments herein", which we read as his incorporation of the arguments contained in Still's first assignment of error.

*Standard of Review*

**{¶8}** Manifest "weight of the evidence and sufficiency of the evidence are clearly different legal concepts." *State v. Thompkins*, 78 Ohio St.3d 380, 389 (1997), *superseded by statute on other grounds*, *State v. Smith*, 80 Ohio St.3d 89 (1997). Thus, we address each legal concept, individually.

**{¶9}** "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1981), paragraph two of the syllabus, *superseded by constitutional amendment on other grounds*, *Smith* at 89, fn. 4. Accordingly, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* "In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact." *State v. Jones*, 1st Dist. Hamilton Nos. C-120570 and C-120571, 2013-Ohio-4775, ¶ 33, citing *State v. Williams*, 1st Dist. Hamilton No. C-110097, 2011-Ohio-6267, ¶ 25. *See also State v. Berry*, 3d Dist. Defiance No. 4-12-03, 2013-Ohio-2380, ¶ 19 ("Sufficiency of the evidence is a test of adequacy rather than credibility or weight of the evidence."),

citing *Thompkins* at 386; *State v. Williams*, 3d Dist. Logan No. 8-20-54, 2021-Ohio-1359, ¶ 6, quoting *State v. Croft*, 3d Dist. Auglaize No. 2-15-11, 2016-Ohio-449, ¶ 5.

{¶10} On the other hand, in determining whether a conviction is against the manifest weight of the evidence, a reviewing court must examine the entire record, "'weigh[ ] the evidence and all reasonable inferences, consider[ ] the credibility of witnesses and determine[ ] whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). But we must give due deference to the fact-finder, because

> "'[t]he fact-finder * * * occupies a superior position in determining credibility. The fact-finder can hear and see as well as observe the body language, evaluate voice inflections, observe hand gestures, perceive the interplay between the witness and the examiner, and watch the witness's reaction to exhibits and the like. Determining credibility from a sterile transcript is a Herculean endeavor. A reviewing court must, therefore, accord due deference to the credibility determinations made by the fact-finder.'"

*Williams* at ¶ 8, quoting *State v. Dailey*, 3d Dist. Crawford, No. 3-07-23, 2008-Ohio-274, ¶ 7, quoting *State v. Thompson*, 127 Ohio App.3d 511, 529 (8th Dist. 1998). A reviewing court must, however, allow the trier of fact appropriate discretion on matters relating to the weight of the evidence and the credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230, 231 (1967). When applying the manifest-

weight standard, "[o]nly in exceptional cases, where the evidence 'weighs heavily against the conviction,' should an appellate court overturn the trial court's judgment." *State v. Haller*, 3d Dist. Allen No. 1-11-34, 2012-Ohio-5233, ¶ 9, quoting *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, ¶ 119.

*Sufficiency of the Evidence Analysis*

**{¶11}** Importantly, Still moved the trial court for a judgment of acquittal under Crim.R. 29(A) at the conclusion of the State's case-in-chief that was denied; however, Still failed to renew his motion at the conclusion of all the evidence. (*See* June 2, 2021 Tr. at 211-214, 238).

> In order to preserve the issue of sufficiency on appeal, this court has held that '[w]hen a defendant moves for acquittal at the close of the state's evidence and that motion is denied, the defendant waives any error which might have occurred in overruling the motion by proceeding to introduce evidence in his or her defense. In order to preserve a sufficiency of the evidence challenge on appeal once a defendant elects to present evidence on his behalf, the defendant must renew his Crim.R. 29 motion at the close of all the evidence.'

*State v. Hurley*, 3d Dist. Hardin No. 6-13-02, 2014-Ohio-2716, ¶ 36, quoting *State v. Edwards*, 3d Dist. Marion No. 9-03-63, 2004-Ohio-4015, ¶ 6. Based on this court's precedent, Still's failure to renew his Crim.R. 29(A) motion at the conclusion of his case-in-chief or at the conclusion of all evidence waived all but plain error on appeal. *Id.* at ¶ 37, citing *State v. Flory*, 3d Dist. Van Wert No. 15-04-18, 2005-Ohio-2251, ¶ 4, citing *Edwards* at ¶ 6.

{¶12} Here, Still was convicted of OVI in violation of R.C. 4511.19(A)(1)(j)(viii)(II), a per se offense. To prove a person committed the offense listed in this statute, the State must prove that Still: 1) operated any vehicle; 2) within this state; 3) while having "a concentration of * * * metabolites of a controlled substance in [his] * * * urine that equals or exceeds * * *"; 4) "* * * at least thirty-five nanograms of marihuana metabolite per milliliter of [his] urine * * *." R.C. 4511.19(A)(1)(j)(viii)(II).

{¶13} Still seeks to support his sufficiency-of-the-evidence argument by attacking the credibility of Kelley arguing that he was "a very new officer". (Appellant's Brief at 4). In reviewing the sufficiency of the evidence, we do not resolve evidentiary conflicts or assess the credibility of witnesses. Instead, we are to determine if any rational trier of fact could have found the essential elements of each offense beyond a reasonable doubt when viewing the evidence in a light most favorable to the prosecution. *Jenks*, 61 Ohio St.3d 259, at paragraph two of the syllabus; *Jones*, 2013-Ohio-4775, at ¶ 33. This portion of Still's sufficiency-of-the-evidence argument is misplaced (going to weight), and thus, it lacks merit under the sufficiency analysis.

{¶14} Next, Still asserts that Kelley may have lacked a reasonable, articulable suspicion to approach Still because no crime had been committed at the time Still was approached by Coburn and Kelley. (Appellant's Brief at 4-5).

Pointedly, Still did not file a motion to suppress Coburn's and Kelley's approach of Still (in the trial court) under Crim.R. 12(C)(3). The Ohio Criminal Rules required Still to do so and his failure "'"constitute[s a] waiver of the defenses or objections"'" for purposes of trial." *State v. Hahn*, 3d Dist. Henry No. 7-21-02, 2021-Ohio-3789, ¶ 10, quoting *Columbus v. Cort*, 10th Dist. Franklin No. 19AP-425, 2020-Ohio-1467, ¶ 12, quoting Crim.R. 12(H). Hence, Still has waived all challenges to Coburn's and Kelley's approach of Still, other than, plain error. *Id.*, citing *id.* at ¶ 12-13, *State v. Porter*, 2d Dist. Montgomery No. 28288, 2019-Ohio-4482, ¶ 22-23, and *Marion v. Brewer*, 3d Dist. Marion No. 9-08-12, 2008-Ohio-5401, ¶ 10. The burden to demonstrate plain error falls upon the party seeking to assert it. *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, ¶ 16; *Hahn* at ¶ 10. On appeal, Still has failed to develop any plain-error argument, and thus, we decline to fashion one for him. *See Hahn* at ¶ 10, citing *State v. Rottman*, 6th Dist. Lucas No. L-20-1061, 2021-Ohio-1618, ¶ 7.

{¶15} Finally, we turn to Still's argument that the State failed to prove that Still's urine contained the prohibited concentration of marijuana metabolites equal to or exceeding the statutory amounts per milliliter of his urine. Because Still's sufficiency challenge only touches on the third and fourth elements of his offense, we will only address those elements as to the remaining portion of his sufficiency-of-the-evidence argument.

{¶16} Indeed, the State presented evidence to the jury that Still submitted to a chemical-urine test (on December 9, 2018). (June 2, 2021 Tr. at 158-161). That test yielded a result, which demonstrated that Still's urine (on the date of the offense) contained a prohibited concentration of marijuana metabolites exceeding the statutory amount. (*See* Doc. No. 50, State's Exhibit 1–a three-page urine-drug-toxicology report yielding a result of "11-nor-9-Carboxy-Tetrahydrocannabinol (Marijuana Metabolite) 47.50ng/ml +/- 4.75ng/ml").

{¶17} Accordingly, viewing the evidence in a light most favorable to the prosecution, we conclude that a rational trier of fact could conclude beyond a reasonable doubt based upon the testimonies of Coburn, Kelley, and Still that Still operated a motor vehicle on December 9, 2018 in Marion County, Ohio with the prohibited concentration of marijuana metabolites in his urine under the statutory scheme. As such, Still's OVI conviction is based on sufficient evidence.

{¶18} Having concluded that Still's conviction is based on sufficient evidence, we address Still's argument that his conviction is against the manifest weight of the evidence.

*Manifest Weight of the Evidence Analysis*

{¶19} Still raises the identical sufficiency-of-the-evidence arguments, in his second assignment of error. In particular, Still contends that the witness testimonies as to his operation of the vehicle while impaired were against the manifest weight

of the evidence to establish OVI. Even if we were to assume without deciding that the testimonial evidence revealed no obvious signs of impairment at the time Still was driving or parked at Rally's, Still's degree of impairment is irrelevant since he was convicted of a "per se" OVI offense. The State was not required to demonstrate to the jury that Still operated his motor vehicle in Ohio while under the influence of marijuana metabolite, but rather that he operated his vehicle in Ohio and that his chemical-urine reading met the proscribed level according to the statutory scheme.

{¶20} Hence, the evidence that we summarized in our sufficiency-of-the-evidence analysis (supporting Still's conviction as to elements three and four) is weightier than the evidence against it, and thus, we will not say that the evidence weighs heavily against Still's conviction. Accordingly, we cannot conclude that the jury clearly lost its way, which created such a manifest miscarriage of justice that Still's conviction must be reversed and a new trial ordered.

{¶21} Accordingly, Still's first and second assignments of error are overruled.

{¶22} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**MILLER and SHAW, J.J., concur.**

**/jlr**