[Cite as *State v. Sawyer*, 2020-Ohio-6980.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                           Court of Appeals No. L-19-1198

     Appellee                                      Trial Court No. CR0201901823

v.

Ryan Sawyer                                        **DECISION AND JUDGMENT**

     Appellant                                     Decided:  December 30, 2020

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Dan M. Weiss, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Defendant-appellant, Ryan Sawyer, appeals the September 4, 2019 judgment

of the Lucas County Court of Common Pleas, convicting him of endangering children

and sentencing him to a non-life indefinite prison term of a minimum of six years and a

maximum of nine years.  For the following reasons, we affirm the trial court judgment.

## I. Background

{¶ 2} On July 31, 2019, Ryan Sawyer entered a plea of no contest to one count of endangering children, a violation of R.C. 2919.22(B)(1), (E)(1), and (E)(2), a second-degree felony. The state summarized the facts that it would have proven beyond a reasonable doubt had the matter proceeded to trial. It stated:

* * * Ryan Sawyer, on or about the 30th day of April, 2019, in Lucas County, Ohio, did recklessly to a child under the age of 18 abuse the child and the violation resulted in serious physical harm to the child that's involved.

More specifically, Your Honor, State witnesses would have testified to the following: On April 30th, 2019, Toledo Police responded to * * * Raymer Street, here in Toledo, Lucas County, Ohio. The caller, [A.O.] stated that her boyfriend, Ryan Sawyer, assaulted her two-year-old son with the initials RK. [A.O.] stated that she put her son to bed at approximately 8:00 p.m. the night before. She then woke in the early morning hours and found Ryan Sawyer holding her son.

She would have further testified that she observed RK to be cold, shaking, bleeding from his head. When [A.O.] questioned Mr. Sawyer about the injuries and stated she was calling the police, Mr. Sawyer fled the location. He was apprehended a short time later by Toledo Police and he still had the child's blood on his hands.

2.

The child was immediately taken to St. Charles Hospital. It was determined his injuries were too serious for St. Charles and he was transferred to St. Vincent's Hospital by way of ambulance. The child was admitted to the pediatric intensive care unit and stayed for a period of three days due to a possible brain bleed, skull fracture, and damage to his liver.

Medical records and photos would have shown the following injuries: A skull fracture, bruising to the face and head, bleeding on the back of his head, bruising on his back, notably a bruise in the shape of a hand print, and bruising on his thighs.

During an interview with the Detective Jeff Sharp of the Toledo Police Department, Sawyer signed a waiver of rights. After initially stating that he did not know how the child got his injuries, he then told Detective Sharp he became frustrated with the child because the child would not stop crying. He stated he threw the child onto the couch and believed that the child hit his head on part of the wood on the couch.

{¶ 3} The trial court entered a finding of guilty, ordered a pre-sentence investigation, and continued the matter for sentencing on August 27, 2019. At the sentencing hearing, the court imposed a non-life indefinite prison term of a minimum of six years and a maximum of nine years, three years' mandatory postrelease control, and various costs. Sawyer's sentence was memorialized in a judgment journalized on September 4, 2019.

3.

{¶ 4} Sawyer appealed. He assigns the following errors for our review:

I. THE TRIAL COURT ERRED WHEN IT FOUND THE STATE OF OHIO PRESENTED FACTS SUFFICIENT TO MEET THE ELEMENTS OF O.R.C. 2919.22(B)(1), (E)(1), AND (E)(2)(d).

II. APPELLANT'S SENTENCE PURSUANT TO SENATE BILL 201 ("S.B. 201") AND O.R.C. 2929.144 VIOLATES THE CONSTITUTIONAL DOCTRINE OF THE SEPARATION OF POWERS[.]

III. THE TRIAL COURT'S JUDGMENT VIOLATES THE APPELLANT'S DUE PROCESS RIGHTS PURSUANT TO THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION[.]

## II. Law and Analysis

{¶ 5} Sawyer argues in his first assignment of error that the state in its explanation of the facts did not provide sufficient evidence of each of the elements required to sustain a conviction of child endangering. In his second assignment of error, he argues that the statutes under which he was sentenced violate the separation-of-powers doctrine. And in his third assignment of error, he argues that the statutes under which he was sentenced violate his right to due process under the Fifth and Fourteenth Amendments to the U.S. Constitution.

## A. Sufficiency of the Evidence

{¶ 6} In his first assignment of error, Sawyer challenges the sufficiency of the evidence. He argues that the state's explanation of the facts of the offense failed to meet the essential elements required for a finding of guilty on the second-degree felony charge of endangering children. Specifically, he claims that the trial court failed to show that the victim suffered "serious physical harm."

{¶ 7} Whether there is sufficient evidence to support a conviction is a question of law. *State v. Thompkins,* 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). In reviewing a challenge to the sufficiency of evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." (Internal citations omitted.) *State v. Smith*, 80 Ohio St.3d 89, 113, 684 N.E.2d 668 (1997). In making that determination, the appellate court will not weigh the evidence or assess the credibility of the witnesses. *State v. Walker,* 55 Ohio St.2d 208, 212, 378 N.E.2d 1049 (1978).

{¶ 8} Under R.C. 2919.22(B), "[n]o person shall do any of the following to a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age: * * * (1) Abuse the child." "Whoever violates this section is guilty of endangering children." R.C. 2919.22(E)(1). A violation of R.C. 2919.22(B)(1) is a second-degree felony if the conduct results in serious physical harm to the child involved. R.C. 2919.22(E)(2)(d).

5.

{¶ 9} R.C. 2901.01(A)(5) defines "serious physical harm" to include "(a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment; (b) Any physical harm that carries a substantial risk of death; (c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity; (d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement; [or] (e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain."

{¶ 10} Certainly, a skull fracture constitutes "serious physical harm" sufficient to support a conviction of second-degree felony child endangering under R.C. 2919.22(E)(2)(d). *See State v. Dean*, 6th Dist. No. L-16-1301, 2018-Ohio-1740, 112 N.E.3d 32, ¶ 47, quoting *State v. Lee*, 6th Dist. Lucas No. L-06-1384, 2008-Ohio-253, ¶ 30 ("Where the assault causes a bone fracture, the element of serious physical harm is met.").

{¶ 11} The real crux of Sawyer's argument is his position that the state's explanation of the facts was inaccurate. He disputes that the child: (1) was immediately taken to the hospital; (2) suffered a fractured skull; and (3) was admitted to the hospital for three days. He claims that the Toledo Fire Department responded to the scene and determined that no further care was necessary, but A.O. transported the child to the hospital anyway. He maintains that the child was transferred from St. Charles Hospital to St. Vincent Hospital not because of the seriousness of the child's injuries, but rather to

6.

conduct further diagnostic examinations that were not available at St. Charles. He insists that those diagnostic examinations revealed no fractures, no ongoing bleeding, and no internal bleeding. And, he contends that the child was taken to St. Charles on April 30, 2019, was taken to St. Vincent the same day, and was discharged from St. Vincent in good condition the following afternoon, May 1, 2019—he was not in the hospital for three days. Sawyer cites to the child's medical records in support of his challenge to the state's version of events.

{¶ 12} The state responds that the medical records are not a part of the record on appeal, and may not be considered; Sawyer waived the right to present additional affirmative factual allegations when he entered a plea of no contest; and the medical records support the state's position that the child suffered serious physical harm. We agree with the state that the medical records cannot be considered and Sawyer waived the right to challenge the state's explanation of the facts.

{¶ 13} First, records that are not admitted into evidence or otherwise made part of the trial record are not part of the record on appeal and cannot be considered. *State v. Zhovner,* 2013-Ohio-749, 987 N.E.2d 333, ¶ 12 (3d Dist.). Here, the child's medical records were not made part of the record and we cannot consider them. Moreover, a "defendant who pleads no contest waives the right to present additional affirmative factual allegations to prove that he is not guilty of the charged offense." *State ex rel. Stern v. Mascio,* 75 Ohio St.3d 422, 424, 662 N.E.2d 370 (1996). Because Sawyer entered a plea of no contest, he has waived the right to challenge the accuracy of the state's explanation of the facts.

7.

{¶ 14} Additionally, despite Sawyer's contention to the contrary, we observe that a "court accepting a plea of no contest in a felony case is not required to have before it a statement of the particular conduct constituting the alleged offense." (Internal citations and quotations omitted.) *State v. Rohda*, 6th Dist. Lucas No. L-05-1278, 2006-Ohio-6463, ¶ 21. Where a defendant pleads no contest and the indictment, information, or complaint contains sufficient allegations to state a felony offense, "the trial court must find the defendant guilty of the charged offense." *Mascio* at 424. If, however, the state "presents a statement of facts and those facts positively contradict the felony charged in the indictment by negating an element essential to commission of the offense alleged, the court cannot make a finding of guilt on the basis of the charges alleged in the indictment." (Internal citations and quotations omitted.) *Rohda* at *id.*

{¶ 15} Here, the indictment states that "**RYAN A. SAWYER**, on or about the 30TH day of APRIL, 2019, in Lucas County, Ohio, did recklessly, to a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age, abuse the child, and the violation resulted in serious physical harm to the child involved * * *." These allegations suffice to state a violation of R.C. 2912.22(B)(1), (E)(1), and (E)(2), and the explanation of facts offered by the state did not contradict the indictment. We, therefore, find that Sawyer's conviction is supported by sufficient evidence.

{¶ 16} Accordingly, we find Sawyer's first assignment of error not well-taken.

8.

## B. Constitutionality of the Reagan Tokes Law

{¶ 17} In his second and third assignments of error, Sawyer argues that his sentence is unconstitutional because the sentencing scheme under which he was sentenced, Senate Bill 201 ("the Reagan Tokes Law" or "the Law"), violates the separation-of-powers doctrine and his due process rights. We will address these two assignments of error together.

{¶ 18} The Reagan Tokes Law became effective on March 22, 2019. The Law "significantly altered the sentencing structure for many of Ohio's most serious felonies" by implementing an indefinite sentencing system for non-life, first and second-degree felonies committed on or after its effective date. *State v. Polley*, 6th Dist. Ottawa No. OT-19-039, 2020-Ohio-3213, ¶ 5, fn. 1. The Law specifies that the indefinite prison terms will consist of a minimum term, selected by the sentencing judge from a range of terms set forth in R.C. 2929.14(A), and a maximum term determined by formulas set forth in R.C. 2929.144. The Law establishes a presumptive release date from prison at the end of the minimum term, but the Ohio Department of Rehabilitation and Correction ("ODRC") may rebut the presumption if it determines, after a hearing, that one or more factors apply, including that the offender's conduct while incarcerated demonstrates that he continues to pose a threat to society. R.C. 2967.271(B), (C)(1), (2) and (3). If ODRC rebuts the presumption, the offender may remain incarcerated for a reasonable, additional period of time, determined by ODRC, but not to exceed the offender's maximum prison term. R.C. 2967.271(D).

9.

{¶ 19} This is the fourth case in which this court has been presented with a challenge to the constitutionality of the Reagan Tokes Law. The first was *State v. Maddox*, 6th Dist. Lucas No. CL-19-1253, 2020-Ohio-4702, ¶ 5. There, Maddox argued that "the presumptive release feature of R.C. 2967.271, * * * violates * * * due process of law, and further violates the constitutional requirement of separation of powers." Maddox argued that the portions of the statute which allow ODRC to administratively extend his prison term beyond the presumptive minimum prison term violate the U.S. and Ohio Constitutions. *Id.* at ¶ 7. Because Maddox had "not yet been subject to the application of these provisions, as he ha[d] not yet served his minimum term, and * * * [had] not been denied release at the expiration of his minimum term of incarceration," we found that the issues he raised were not yet ripe for review. *Id.* at ¶ 7, 14. We dismissed the appeal. *Id.* at ¶ 15.

{¶ 20} Maddox moved to certify a conflict, and on October 14, 2020, we granted his motion. *State v. Maddox*, 6th Dist. Lucas No. CL-19-1253 (Oct. 14, 2020). The Ohio Supreme Court on December 28, 2020, determined that a conflict exists between *Maddox* and *State v. Leet*, 2d Dist. Montgomery No. 28670, 2020-Ohio-4592; *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Barnes*, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150; and *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837, and has accepted review of the following certified question:

> Is the constitutionality of the provisions of the Reagan Tokes Act, which allow the Department of Rehabilitation and Correctio[n] to administratively extend a criminal defendant's prison term beyond the

10.

presumptive minimum term, ripe for review on direct appeal from

sentencing, or only after the defendant has served the minimum term and

been subject to extension by application of the Act?

*State v. Maddox*, Slip Opinion No. 2020-Ohio-6913.

{¶ 21} We were presented with similar arguments in *State v. Velliquette*, 6th Dist.

Lucas No. L-19-1232, 2020-Ohio-4855, -- N.E.3d -- (6th Dist.), and *State v.*

*Montgomery*, 6th Dist. Lucas No. L-19-1202, 2020-Ohio-5552. Both Velliquette and

Montgomery challenged the constitutionality of the Law as violating the separation of

powers doctrine and their due process rights. On the authority of *Maddox*, we found that

the issue of the constitutionality of potential extensions to the presumed minimum prison

term were not ripe for review. We again observed, however, that several other

jurisdictions have implicitly determined otherwise by addressing those constitutional

challenges. Accordingly, in *Velliquette* and *Montgomery,* we again certified a conflict to

the Ohio Supreme Court.

{¶ 22} Like the defendants in *Maddox, Velliquette*, and *Montgomery*, Sawyer has

not yet served his minimum term and has not been denied release at the expiration of his

minimum term of incarceration. As such, he has not yet been subject to the application of

the provisions of the Law to which he objects. We conclude, therefore, that his

constitutional challenges to the Law are not ripe for review. We dismiss his second and

third assignments of error.

{¶ 23} Section 3(B)(4), Article IV of the Ohio Constitution provides "[w]henever

the judges of a court of appeals find that a judgment upon which they have agreed is in

11.

conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination." *Id.* at ¶ 31. The Ohio Supreme Court set forth three requirements which must be met in order to certify a case:

First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict must be "upon the same question." Second, the alleged conflict must be on a rule of law-not facts. Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court contends in in conflict with the judgment on the same question by other district courts of appeals. *Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 596, 613 N.E.2d 1032 (1993). *Id.*

**{¶ 24}** As we did in *Maddox, Velliquette,* and *Montgomery, w*e recognize that our conclusion here is in conflict with decisions of the Second and Twelfth District Courts of Appeals. *See State v. Barnes*, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150, *State v. Leet*, 2d Dist. Montgomery No. 28670, 2020-Ohio-4592, *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153, *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837, *State v. Rodgers*, 2020-Ohio-4102, -- N.E.3d – (12th Dist.), and *State v. Morris*, 12th Dist. Butler No. CA2019-12-205, 2020-Ohio-4103. It is also in conflict with the decision of the Third District Court of Appeals in *State v. Hacker*, 2020-Ohio-5048, -- N.E.3d --, ¶ 23 (3d Dist.). We, therefore, sua sponte certify

12.

a conflict to the Supreme Court of Ohio, pursuant to Article IV, Section 3(B)(4), Ohio Constitution, on the same issue certified in *Maddox,* Slip Opinion No. 2020-Ohio-6913:

Is the constitutionality of the provisions of the Reagan Tokes Act, which allow the Department of Rehabilitation and Corrections to administratively extend a criminal defendant's prison term beyond the presumptive minimum term, ripe for review on direct appeal from sentencing, or only after the defendant has served the minimum term and been subject to extension by application of the Act?

## III. Conclusion

{¶ 25} Sawyer's challenge to the sufficiency of the evidence is based on his claim that the state's explanation of facts was inaccurate. Sawyer waived the right to challenge the accuracy of those facts when he entered a plea of no contest. Moreover, the medical records upon which he relies in challenging the accuracy of the facts are not part of the record on appeal and cannot be considered by this court. Accordingly, we find his first assignment of error not well-taken.

{¶ 26} Sawyer's challenge to the constitutionality of S.B. 201 is not yet ripe for review because he has not yet served his minimum sentence or been subjected to a possible extension of that minimum sentence. Accordingly, we dismiss his second and third assignments of error. We certify a conflict to the Ohio Supreme Court. The parties are directed to Sup.R.Pract. 8.01 for instructions for how to proceed.

13.

**{¶ 27}** We affirm the September 4, 2019 judgment of the Lucas County Court of Common Pleas.  Sawyer is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                                     _____
JUDGE

Christine E. Mayle, J.                 

_____
Gene A. Zmuda, P.J.                        JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.