[Cite as *State v. Rottman*, 2021-Ohio-1618.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

Appellee

v.

Alliya Crenshaw Rottman

Appellant

Court of Appeals No. L-20-1061

Trial Court No. CR0201902254

**DECISION AND JUDGMENT**

Decided: May 7, 2021

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Autumn D. Adams, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} On April 9, 2019, the Lucas County Grand Jury issued a single count

indictment against appellant, Alliya Crenshaw Rottman. The sole count of the indictment

was a charge of a violation of R.C. 2903.11(A)(1) and (D), felonious assault, a felony of

the second degree.

{¶ 2} After a jury trial, appellant was found guilty. On February 19, 2020, Crenshaw Rottman was sentenced to serve an indefinite term of imprisonment in the Ohio Department of Rehabilitation and Corrections of a minimum of two years up to a maximum of three years.

{¶ 3} Appellant timely filed an appeal from that judgment. She presents three assignments of error to this court:

1. THE SENTENCING PROVISIONS OF SENATE BILL 201, OR THE REAGAN TOKES ACT, ARE UNCONSTITUTIONAL.

2. THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO SUPPORT A CONVICTION FOR FELONIOUS ASSAULT.

3. THE JURY'S FINDING OF GUILTY FOR FELONIOUS ASSAULT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 4} In her first assignment of error, Crenshaw Rottman attacks the constitutionality of the Reagan Tokes Act, aka Senate Bill 201, arguing that it violates the doctrine of separation of powers and due process rights afforded to her under the Fourteenth Amendment to the United States Constitution and the Ohio Constitution.

{¶ 5} The Reagan Tokes Act ("Act") went into effect in Ohio on March 22, 2019. R.C. 2901.011. The Act requires a sentencing court imposing a prison term under R.C. 2929.14(A)(1)(a) or (2)(a), on or after the effective date, to order a minimum

prison term under that provision and a maximum prison term as determined by R.C. 2929.144(B). The Act also sets forth a presumption that an offender "shall be released from service of the sentence on the expiration of the offender's minimum prison term or on the offender's presumptive earned early release date, whichever is earlier." R.C. 2967.271(B). The offender's presumptive earned early release date is determined under R.C. 2967.271(F), which permits the sentencing court to reduce the minimum term under certain circumstances. R.C. 2967.271(A)(2). The Department of Rehabilitation and Corrections may rebut the R.C. 2967.271(B) presumption if it determines at a hearing that certain statutorily enumerated factors apply. R.C. 2967.271(C). If the Department rebuts the presumption, it may maintain the offender's incarceration after the expiration of the minimum prison term or presumptive earned early release date for a reasonable period of time, which "shall not exceed the offender's maximum prison term." R.C. 2967.271(D)(1).

{¶ 6} We will note, however, that appellant's constitutional challenge to the statute was not presented to the trial court and the issue makes its first appearance before this appellate panel. It is well-established that failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from the state's orderly procedure, and therefore need not be heard for the first time on appeal. *State v. Awan*, 22 Ohio St.3d 120, 489 N.E.2d 277 (1986), syllabus.

3.

{¶ 7} However, a court has the right to consider constitutional challenges in its discretion, even if the argument was waived in specific cases of plain error where the rights and interests involved may warrant it. *See In re M.D.*, 38 Ohio St.3d 149, 527 N.E.2d 286 (1988). However, this requires an appealing party to demonstrate that, but for plain or obvious error, the outcome of the proceeding would have been otherwise, and a reversal is necessary to correct a manifest injustice. *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 16. The burden of establishing plain error is on the party asserting it. *Id*. Appellant has not raised an argument of plain error and we decline to raise it sua sponte. *State v. Wright*, 6th Dist. Lucas No. L-19-1213, 2021-Ohio-364, ¶ 20-21. As such, appellant's first assignment of error is found not well-taken.

{¶ 8} Appellant's second assignment of error claims that the evidence presented at trial was insufficient to support a conviction for felonious assault.

{¶ 9} Sufficiency of the evidence is a legal standard that tests whether the evidence is legally adequate to support the verdict. In reviewing a challenge to the sufficiency of evidence, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Smith*, 80 Ohio St.3d 89, 113, 684 N.E.2d 668 (1997). In making that determination, the appellate court will not weigh the evidence or assess the credibility of the witnesses. *State v. Walker*, 55 Ohio St.2d 208, 212, 378 N.E.2d 1049 (1978).

4.

{¶ 10} The offense of felonious assault, as set forth in R.C. 2903.11 provides, in relevant part that:

> (A) No person shall knowingly do either of the following:
>
> (1) Cause serious physical harm to another or to another's unborn;

{¶ 11} At trial, testimony established that in the early morning hours of July 7, 2019, the victim was at the home of a male acquaintance when both were awakened around 4:00 a.m. by the sound of the bedroom window breaking. They went outside where they saw appellant holding a hammer. She engaged in an argument with the victim, while waving the hammer. The confrontation escalated into a physical fight. The male acquaintance stepped in between them. Appellant returned to her car. The male and the victim remained outside. The appellant then stepped on the gas. The tires screeched and rubber peeled from the tires. Appellant then drove her car over the curb, over the grass and into the victim.

{¶ 12} Medical reports from the hospital indicated that the victim sustained a fractured ankle and lacerations on her leg that required multiple staples.

{¶ 13} A detective took photographs of the injuries that showed severe injuries to the victim, including leg injuries, lacerations to her leg, swelling foot and a tire mark on her right leg. Also, he had taken photographs of the scene itself, showing tire marks on the curb and torn-up grass off the curb. These exhibits were admitted into evidence.

{¶ 14} The victim also testified concerning a Facebook Live video taken by appellant in which appellant stated that she "should have smoked" the victim.

5.

{¶ 15} Also admitted into evidence were recordings of jail phone calls from the appellant to the male acquaintance. Appellant told the male to "fix" his statement so that the charges against her would be dropped. The male indicated that he told the police that he did not see the victim struck by the car. In response, appellant said "that's better than what I was going to tell you to say, which was that the bitch got in my way." The male ultimately could not be located and did not testify at trial.

{¶ 16} Appellant testified that she was indeed responsible for breaking the apartment window with a hammer. She described it as an "accident." She also testified that only the male came out of the apartment in response to the window being broken. She also stated that the victim pulled her out of her own car and then pulled her hair. Appellant claimed that she kicked the victim in self-defense. She also testified that she left the area and never ran over the victim.

{¶ 17} On cross-examination, she admitted to the jail phone call and further claimed that her heel had caused the broken bone and lacerations on the victim's leg but that she only reacted in self-defense.

{¶ 18} Appellant now argues that sufficient evidence did not support a felonious assault conviction because she was acting in self-defense.

{¶ 19} However, we conclude that, after viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime of felonious assault proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991).

6.

{¶ 20} Therefore, appellant's second assignment of error is found not well-taken.

{¶ 21} In her final assignment of error, appellant also challenges the weight of the evidence. Under a manifest weight standard, an appellate court must sit as a "thirteenth juror" and may disagree with the fact-finder's resolution of the conflicting testimony. *State v. Thompkins*, 78 Ohio St.3d 380,387, 678 N.E.2d 541 (1997).

{¶ 22} The appellate court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed, and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against conviction. *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 23} In support of her claim, appellant again argues that the evidence demonstrated that her actions on the day of the offense constitute self-defense, thereby exonerating her from any criminal liability. Despite this self-serving assertion, we are not persuaded that the evidence weighs heavily against conviction. *Id*., *Thompkins* at 386-387.

{¶ 24} We cannot conclude that the jury clearly lost its way in finding appellant guilty. We find that her conviction is not against the manifest weight of the evidence. Appellant's third assignment of error is not well-taken.

7.

{¶ 25} Based on the foregoing, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

Myron C. Duhart, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

8.