[Cite as *State v. Zambrano*, 2021-Ohio-1906.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-19-1224

      Appellee                              Trial Court No. CR0201901627

v.

Jacob Zambrano                          **DECISION AND JUDGMENT**

      Appellant                             Decided:  June 4, 2021

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Kevin M. Pituch, Assistant Prosecuting Attorney, for appellee.

Adam H. Houser, for appellant.

* * * * *

**ZMUDA, P.J.**

## I.  Introduction

**{¶ 1}**  This appeal challenges the validity of a no contest plea to an amended

count of attempted, aggravated arson in violation of R.C. 2923.02 and 2909.02(A)(1) and

(B)(1) and (2), a felony of the second degree.  This appeal also challenges the validity of

the agreed-upon, indefinite sentence, imposed by the trial court pursuant to R.C. 2967.271.  For the reasons that follow, we affirm the conviction and find the sentencing issue not ripe for review.

## II.      Background and Procedural History

{¶ 2}   After an incident at his girlfriends' home on March 31, 2019, appellant was indicted on three counts of aggravated arson in violation of R.C. 2909.02(A)(1) and (B)(1) and (2), felonies of the first degree, one count of aggravated arson in violation of R.C. 2909.02(A)(2) and (B)(1) and (3), a felony of the first degree, and one count of domestic violence in violation of R.C. 2919.25(A) and (D)(1) and (2), a misdemeanor in the first degree.  After plea negotiations, appellant entered a plea of no contest to one, amended count of attempt to commit aggravated arson in violation of R.C. 2923.02 and 2909.02(A)(1) and (B)(1) and (2), a felony of the second degree, with the state dismissing the remaining counts.  The terms of the plea agreement included an agreed-upon, indefinite sentence with a minimum term of three years and a maximum term of four and a half years, consistent with the newly enacted R.C. 2967.271.

{¶ 3}   As part of the hearing on appellant's no contest plea, the trial court thoroughly explained the application of R.C. 2967.271, in detail, and then summarized the law for appellant, as follows:

Trial Court:      It's a lot of language, a lot of code sections, but, in general, lay terms, they are going to have to consider releasing you at the minimum term, looking at your behavior, looking at other things that they

2.

consider to be something that they can rebut, which means get past, the

presumption that you get out and then at no point can they keep you past

the maximum term; do you understand that?

Appellant indicated he understood, and after the trial court went through the required

Crim.R. 11 colloquy and ensured appellant understood his plea and the rights he gave up

in entering a plea, appellant entered his plea of no contest and the prosecutor recited the

facts that would have been proven at trial. The trial court found appellant guilty and

proceeded directly to sentencing.

{¶ 4} The trial court imposed the agreed-upon sentence of a minimum of three

years and a maximum of four and a half years, as provided by R.C. 2967.271. The trial

court also determined appellant to be an arson offender, subject to the life-time, annual

registration requirement set forth in R.C. 2909.13 to R.C. 2909.15.

{¶ 5} Appellant filed a timely appeal.

### III.    Assignments of Error

{¶ 6} Appellant now challenges the judgment, assigning the following as error:

1. Appellant's Due Process Rights Were Violated As The Plea Was Not
   Knowingly And Voluntarily Made as the Court Did Not Comply With
   Criminal Rule 11.

2. The Trial Court Committed Plan [sic.] Error When It Allowed Appellant
   To Be Sentenced Under An Unconstitutionally Vague Law.

3. Appellant Received Ineffective Assistance of Counsel as His Trial Counsel Failed to Object to Appellant Being Sentenced in Violation of Due Process and to an Unconstitutionally Vague Law.

## IV.   Analysis

{¶ 7}   In his first assignment of error, appellant argues his plea was not knowing, intelligent, and voluntary, because he could not possibly understand the application of minimum and maximum terms under R.C. 2967.271, as the law was so new.  Thus, he argues the trial court did not comply with Crim.R. 11(C)(2)(a), which requires a defendant to understand both the nature of the charges and the maximum penalty that applies.  In response, the appellee, state of Ohio, argues that the trial court substantially complied with Crim.R. 11(C) regarding its obligation to ensure understanding of the maximum penalty.  A plea must be knowing, intelligent, and voluntary, as it involves a waiver of constitutional rights; a plea that is not knowing, intelligent, and voluntary may not be enforced, as unconstitutional.  *State v. Dangler,* 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 10, citing *Parke v. Raley,* 506 U.S. 20, 28-29, 113 S.Ct. 417, 121 L.Ed.2d 391 (1992); *State v. Clark,* 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25.

{¶ 8}   Appellant did not seek to withdraw his plea or otherwise raise a challenge in the trial court.  His failure to raise the issue, however, is not waiver, but forfeiture by failing to preserve an objection.  Forfeiture "does not extinguish a claim of plain error under Crim.R. 52(B)."  *State v. Payne,* 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d

4.

306, ¶ 23, quoting *State v. McKee,* 91 Ohio St.3d 292, 299, 744 N.E.3d 737, fn 3 (Cook, J. dissenting); *State v. Ferguson,* 11th Dist. Lake No. 2020-L-031, 2020-Ohio-5578, ¶ 18 (forfeiture precludes all but plain error review).

{¶ 9} "When a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is that he must establish that an error occurred in the trial-court proceedings and that he was prejudiced by that error." *Dangler* at ¶ 13, citing *State v. Perry,* 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 14-15 (additional citations omitted.). However, an appellant need not demonstrate prejudice in challenging a criminal plea when a trial court fails to address the constitutional rights set forth in Crim.R. 11(C)(2)(c) at the plea hearing. *Id.* at ¶ 14, citing *State v. Clark,* 119 Ohio St.3d 238, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31; *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, syllabus. The non-constitutional rights, in contrast, follow the traditional rule, and "a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Dangler* at ¶ 16, citing *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶ 10} Here, appellant argues the trial court failed to ensure understanding of the maximum penalty, as required by Crim.R. 11(C)(2)(a). "[T]he maximum penalty advisement is not a constitutional requirement." *Dangler* at ¶ 23. Therefore, despite appellees argument of substantial compliance, the only relevant questions are: "(1) has the trial court complied with the relevant provisions of the rule? (2) if the court has not

5.

complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Id.* at ¶ 17.[1]

{¶ 11} Based on the written plea and the trial court's thorough explanation of the minimum and maximum sentence, pursuant to R.C. 2967.271, we find the trial court complied with Crim.R. 11(C)(2)(a). Considering the trial court's attention to detail, followed by a summary in lay terms, we are hard-pressed to imagine a more compliant explanation of the maximum penalty by a trial court, considering the newness of the statute and lack of legal precedent to clarify it. The only uncertainty, moreover, was in the application of R.C. 2967.271 as a result of appellant's own conduct while serving his prison term, with the trial court warning appellant that *any* conduct, in violation of *any* rule, might be used to overcome the presumption of appellant serving his minimum term.[2]

{¶ 12} In arguing his plea was not knowingly, intelligently, or voluntarily made, appellant challenges only the trial court's lack of certainty regarding how the minimum and maximum sentences might ultimately be imposed, or how earned time credit might

---

[1] In *Dangler,* the Ohio Supreme Court rejected consideration of "substantial" and "partial" compliance, finding the "different tiers of compliance with the rule" have "muddled" the analysis and "have served to unduly complicate what should be a fairly straightforward inquiry." *Danger* at ¶ 17.

[2] At his plea hearing, appellant assured the trial court he understood the statute did not enumerate specific conduct that would rebut the presumption of release at the earliest date, and that he understood that, potentially, "all behavior is on the table from taking an extra packet of sugar or roll to criminal behavior[.]"

reduce his indefinite sentence. The trial court explained the application of R.C. 2967.271, however, and we place no obligation on the trial court to anticipate every possible outcome based on circumstances entirely within appellant's control. We do not require prescience of a trial court in engaging in the Crim.R. 11 colloquy. Therefore, while the trial court failed to inform appellant of specific consequences for all potential, future, bad behavior, we find the trial court satisfied its duty to inform appellant of the maximum penalty, and his first assignment of error is not well-taken.

{¶ 13} In his second and third assignments of error, appellant challenges the enforceability of R.C. 2967.271 and argues his trial counsel was ineffective in failing to assert this challenge. In doing so, appellant acknowledges our decision in *State v. Maddox,* 6th Dist. Lucas No. L-19-1253, 2020-Ohio-4702, *motion to certify allowed*, 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150; *see also State v. Velliquette*, 2020-Ohio-4855, 160 N.E.3d 414 (6th Dist.), *motion to certify allowed*, 161 Ohio St.3d 1415, 2021-Ohio-120, 161 N.E.3d 708.

{¶ 14} In *Maddox,* we found both issues not ripe for review, with this decision in conflict with decisions of the Second and Twelfth District Appellate Courts and accepted by the Ohio Supreme Court for review. In addition to *Maddox,* we have addressed multiple constitutional challenges and found the issue not ripe for review in *Velliquette*; *State v. Montgomery,* 6th Dist. Lucas No. L-19-1202, 2020-Ohio-5552; *State v. Sawyer,* 2020-Ohio-6980, 165 N.E.3d 844 (6th Dist.); *State v. Acosta,* 6th Dist. Lucas Nos. L-20-1068, L-20-1069, 2021-Ohio-757; *State v. Bothuel,* 6th Dist. Lucas No. L-20-1053, 2021-

7.

Ohio-875; *State v. Savage,* 6th Dist. Lucas No. L-20-1073, 2021-Ohio-1549; and *State v. Crenshaw Rottman,* 6th Dist. Lucas No. L-20-1061, 2021-Ohio-1618.  In *Velliquette,* we noted that the "possibility" of an extended prison term might never be realized, and that ripeness issue remains pending with the Ohio Supreme Court.

{¶ 15} Appellant attempts to avoid this precedent by arguing his case is distinguishable, because R.C. 2967.271 does not clearly enumerate the type of "behavior that will lead him to being kept in prison longer."  Therefore, appellant reasons, this issue presents a current, rather than future, potential harm based on the lack of certainty regarding behavior.  In considering appellant's challenge, however, we find the issues presented are identical to those in *Maddox,* and the "harm" argued is a longer than minimum sentence.

{¶ 16} As in *Maddox,* the issue is not ripe for review because appellant "has not yet been subject to the application of these provisions, as he has not yet served his minimum term, and therefore has not been denied release at the expiration of his minimum term of incarceration."  *Maddox* at ¶ 7.  Furthermore, as the issue is not ripe for review, appellant's trial counsel could not be ineffective in failing to raise a premature and therefore meritless objection.  *See State v. Conkright,* 6th Dist. Lucas No. L-06-1107, 2007-Ohio-5315, ¶ 50 (no ineffective assistance in failing to file a meritless motion).

{¶ 17} Accordingly, based on our precedent, we find appellant's second and third assignments of error not well-taken as they present issue not yet ripe for review.

8.

## V. Conclusion

**{¶ 18}** For the forgoing reasons, we affirm the judgment of the Lucas County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                                        _____
                                                                    JUDGE

Christine E. Mayle, J.

Gene A. Zmuda, P.J.                                      _____
CONCUR.                                                                     JUDGE

_____
                                                                      JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.