[Cite as *State v. Soto*, 2021-Ohio-3859.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

     Appellee/Cross-appellant

v.

Noel Soto

     Appellant/Cross-appellee

Court of Appeals No.  L-21-1011

Trial Court No.  CR0202001558

**DECISION AND JUDGMENT**

Decided:  October 29, 2021

* * * * *

Julia R Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant prosecuting attorney, for appellee/cross-appellant.

Autumn D. Adams, for appellant/cross-appellee.

* * * * *

**DUHART, J.**

{¶ 1} Appellant, Noel Soto, appeals the December 23, 2020 judgment of the Lucas

County Court of Common Pleas.  The state has filed a cross-appeal.  For the reasons that

follow, we dismiss appellant's appeal, and on the cross-appeal, we reverse the judgment,

in part, and remand for resentencing.

{¶ 2} Appellant sets forth one assignment of error:

Reagan Tokes is unconstitutional as it vests sentencing power in the Executive Branch and fails to afford Appellant access to an attorney at every disciplinary hearing while he is [in] ODRC's [Ohio Department of Rehabilitation and Correction] custody.

{¶ 3} The state sets forth a single cross-assignment of error:

Consecutive sentences for two or more qualifying offenses must impose a minimum sentence as to each with an aggregate maximum sentence.

## Background

{¶ 4} On March 10, 2020, appellant stabbed two people in their arms, chests, stomachs and backs. On April 2, 2020, appellant was charged by indictment with four offenses: Counts 1 and 2, two counts of attempt to commit murder in violation of R.C. 2923.02, 2903.02(A) and 2929.02, felonies of the first degree; and Counts 3 and 4, two counts of felonious assault in violation of R.C. 2903.11(A)(1) and (D), felonies of the second degree. Appellant pled not guilty.

{¶ 5} On November 24, 2020, appellant withdrew his plea of not guilty, and entered a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to Counts 3 and 4 of the indictment. The trial court accepted the pleas and found appellant guilty. The sentencing hearing was held on December 23, 2020, and appellant was sentenced by the trial court, in accordance with the Reagan

2.

Tokes Act, to a minimum of eight years in prison and a maximum of twelve years in prison on Count 3, and eight years in prison on Count 4. The court ordered that the sentences be served consecutively to each other. Appellant appealed, and the state cross-appealed.

## Appellant's Assignment of Error

{¶ 6} Appellant argues he was sentenced to an indefinite prison term under the Reagan Tokes Law, which law is unconstitutional on two bases. One, the law violates the separation of powers doctrine by allowing the ODRC, as part of the executive branch of Ohio government, to determine that appellant violated a law, which is a function of the judicial branch of government. Two, the law violates appellant's Sixth Amendment right to be represented by an attorney and appellant's procedural due process rights under the Fourteenth Amendment to the United States Constitution and the Ohio Constitution.

{¶ 7} Appellant maintains that his arguments are ripe for review.

## Law

{¶ 8} The issue of the constitutionality of the Reagan Tokes Act, also referred to as the Reagan Tokes law, has been raised before this court on multiple occasions. As we stated in *State v. Figley*, 6th Dist. Lucas No. L-20-1167, 2021-Ohio-2622, ¶ 4, "[o]ur controlling precedent as to the sole issue raised, the constitutionality of the provisions for indefinite sentencing in the Reagan Tokes law, as codified at R.C. 2967.271, requires dismissal of the appeal." In support, we cited to:

3.

*State v. Stenson*, 6th Dist. Lucas No. L-20-1074, 2021-Ohio-2256, ¶ 14, citing *State v. Maddox*, 6th Dist. Lucas No. L-19-1253, 2020-Ohio-4702; *State v. Velliquette*, 160 N.E.3d 414, 2020-Ohio-4855 (6th Dist.); *State v. Montgomery*, 6th Dist. Lucas No. L-19-1202, 2020-Ohio-5552; *State v. Sawyer*, 165 N.E.3d 844, 2020-Ohio-6980 (6th Dist.); *State v. Acosta*, 6th Dist. Lucas Nos. L-20-1068, L-20-1069, 2021-Ohio-757; *State v. Bothuel*, 6th Dist. Lucas No. L-20-1053, 2021-Ohio-875; *State v. Savage*, 6th Dist. Lucas No. L-20-1073, 2021-Ohio-1549; *State v. Perry*, 6th Dist. Wood No. WD-20-025, 2021-Ohio-1748; *State v. Shepard*, 6th Dist. Lucas No. L-20-1070, 2021-Ohio-1844; *State v. Zambrano*, 6th Dist. Lucas No. L-19-1224, 2021-Ohio-1906. *Id.*

**{¶ 9}** We further stated in *Figley*,

[b]eginning with our decision in *Maddox*, we have consistently held that a challenge to the Reagan Tokes law becomes ripe only after an individual sentenced under that law has completed the minimum term of the indefinite sentence and has been denied release. *Stenson* at ¶ 14-15, citing *Maddox* at ¶ 7, 14. On December 28, 2020, the Ohio Supreme Court determined that a conflict exists between *Maddox* and *State v. Leet*, 2d Dist. Montgomery No. 28670, 2020-Ohio-459; *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Barnes*, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150; and *State v. Guyton*, 12th Dist.

Butler No. CA2019-12-203, 2020-Ohio-3837. The Ohio Supreme Court accepted the review of the following certified question:

Is the constitutionality of the provisions of the Reagan Tokes Act, which allow the Department of Rehabilitation and Correctio[n] to administratively extend a criminal defendant's prison term beyond the presumptive minimum term, ripe for review on direct appeal from sentencing, or only after the defendant has served the minimum term and been subject to extension by application of the Act?

*State v. Maddox*, 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150.

*Id.* at ¶ 5.

## Analysis

{¶ 10} Based on the foregoing, we find appellant's assignment of error is not ripe for review.

## The State's Cross-Assignment of Error

{¶ 11} The state contends the Reagan Tokes law requires a trial court to impose an indefinite sentence for qualifying felonies. The state notes, however, that when the trial court sentenced appellant, it imposed only one indefinite sentence for two qualifying offenses. The state submits R.C. 2929.14 requires the imposition of a minimum and maximum term for second degree felonies committed on or after the effective date of the Reagan Tokes law.

5.

## Standard of Review

{¶ 12} When reviewing felony sentences, we apply the standard of review set forth in R.C. 2953.08(G)(2). That statute specifies that an appellate court may increase, reduce, modify or vacate and remand a challenged felony sentence if the appellate court clearly and convincingly finds "the record does not support the sentencing court's findings" under certain statutory provisions or "the sentence is otherwise contrary to law."

## Law

{¶ 13} The Reagan Tokes law became effective on March 22, 2019. *See* R.C. 2901.011.

{¶ 14} R.C. 2929.14 provides:

(A) [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter, the court shall impose a prison term that shall be one of the following:

* * *

(2)(a) For a felony of the second degree committed on or after the effective date of this amendment, the prison term shall be an indefinite prison term with a stated minimum term selected by the court of two, three, four, five, six, seven, or eight years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code * * *.

6.

{¶ 15} R.C. 2929.144 provides further clarification for "maximum term," as used in R.C. 2929.14, and states in pertinent part:

* * *

(B) The court imposing a prison term on an offender under division (A) * * * (2)(a) of section 2929.14 of the Revised Code for a qualifying felony of the * * * second degree shall determine the maximum prison term that is part of the sentence in accordance with the following:

* * *

(2) If the offender is being sentenced for more than one felony, if one or more of the felonies is a qualifying felony of the * * * second degree, and if the court orders that some or all of the prison terms imposed are to be served consecutively, the court shall add all of the minimum terms imposed on the offender under division (A)* * *(2)(a) of section 2929.14 of the Revised Code for a qualifying felony of the * * * second degree that are to be served consecutively * * *, and the maximum term shall be equal to the total of those terms so added by the court plus fifty per cent of the longest minimum term * * * for the most serious felony being sentenced.

{¶ 16} The Reagan Tokes law "specifies that the indefinite prison terms will consist of a minimum term, selected by the sentencing judge from a range of terms set forth in R.C. 2929.14(A), and a maximum term determined by formulas set forth in R.C. 2929.144." *State v. Montgomery*, 6th Dist. Lucas No. L-19-1202, 2020-Ohio-5552, ¶ 20.

7.

**Analysis**

{¶ 17} Upon review, appellant's offenses occurred on March 10, 2020, almost a year after the effective date of the Reagan Tokes law. And, both of the offenses to which appellant pled and was found guilty are second degree felonies. Thus, the offenses are qualifying felonies under the Reagan Tokes law and the imposition of an indefinite prison term is mandated for each felony. Since the trial court imposed one indefinite sentence and one definite sentence for two qualifying felonies, we find the imposition of the definite prison sentence of eight years, for Count 4, is contrary to law. Accordingly, we find the state's cross-assignment of error well-taken. The judgment of the trial court shall be reversed, and this cause shall be remanded for the trial court to impose both a minimum prison term and a maximum prison term as to Count 4 of the indictment in conformity with the Reagan Tokes law.

**Conclusion**

{¶ 18} Having found appellant's assignment of error not ripe for review, we dismiss appellant's assignment of error. We certify a conflict to the Ohio Supreme Court on the issue of whether a challenge to the constitutionality of the Reagan Tokes Act is ripe for review, and the parties are directed to S.Ct.Prac.R. 8.01 for instructions on how to proceed.

{¶ 19} Having sustained the state's cross-assignment of error, we reverse the December 23, 2020 judgment of the Lucas County Court of Common Pleas, and remand for resentencing.

8.

**{¶ 20}** Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed, in part,
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Gene A. Zmuda, P.J.

Myron C. Duhart, J.
_____
CONCUR.

JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.