[Cite as *State v. Tucker*, 2024-Ohio-516.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

LUKAS A. TUCKER,

    DEFENDANT-APPELLANT.

CASE NO. 13-23-17

O P I N I O N

---

**Appeal from Seneca County Common Pleas Court
Trial Court No. 22 CR 0215**

**Judgment Affirmed**

**Date of Decision: February 12, 2024**

---

APPEARANCES:

    *Brian A. Smith* **for Appellant**

    *Stephanie J. Kiser* **for Appellee**

**ZIMMERMAN, J.**

**{¶1}** Defendant-appellant, Lukas A. Tucker ("Tucker"), appeals the June 27, 2023 judgment entry of conviction and sentencing of the Seneca County Common Pleas Court after Tucker was found guilty by a jury of failure to comply with an order or signal of police officer. For the following reasons, we affirm.

**{¶2}** The case stems from Fostoria Police Department Officer Kyle Reinbolt's ("Reinbolt") observation of Tucker while driving his (Tucker's) motorcycle on October 16, 2022. Reinbolt (who was familiar with Tucker from previous law-enforcement involvement) ran Tucker's information through dispatch. After learning that Tucker had an active bench warrant and no operator's license, Reinbolt attempted to initiate a traffic stop. However, Tucker failed to comply with Reinbolt's audible and visual signals to stop. Thereafter, a high-speed pursuit ensued reaching speeds in excess of 100 miles per hour ("mph"). Reinbolt eventually terminated the pursuit for safety reasons. However, Reinbolt was later able to make contact with Tucker who was ultimately arrested on the instant offense.

**{¶3}** On October 26, 2022, Tucker was indicted by the Seneca County Grand Jury on one count of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B), (C)(5)(a)(ii), a third-degree felony. On November 9, 2022, Tucker entered a plea of not guilty in the trial court.

{¶4} Tucker proceeded to a jury trial on May 30, 2023, wherein he was found guilty of failure to comply. The jury further found that Tucker *did* cause a substantial risk of serious physical harm to persons or property. Thereafter, the trial court sentenced Tucker to an 18-month prison term.

{¶5} Tucker timely appeals his case and raises two assignments of error for our review, which we will address out of order for ease of discussion.

### Second Assignment of Error

**Because the evidence was needlessly cumulative and because its probative value was substantially outweighed by the danger of unfair prejudice, the trial court abused its discretion in admitting State's Exhibits 2 through 5, the photographs purporting to be of Appellant's Facebook posts.**

{¶6} In Tucker's second assignment of error, he argues that the trial court erred by admitting State's Exhibits 2 through 5 (i.e., photographs of Tucker's motorcycle posted on his Facebook profile). Specifically, he asserts that the photographs should have been excluded under Evid.R. 403 since he argues there is a danger of unfair prejudice and because they were cumulative.

*Standard of Review*

{¶7} "Generally, '[a] trial court is given broad discretion in admitting and excluding evidence * * *." *State v. Wendel*, 3d Dist. Union No. 14-16-08, 2016-Ohio-7915, ¶ 23, quoting *State v. Williams*, 7th Dist. Jefferson No. 11 JE 7, 2013-Ohio-2314, ¶ 7, citing *State v. Maurer*, 15 Ohio St.3d 239, 265 (1984). Consequently, we review a trial court's admission or exclusion of evidence for an

abuse of discretion. *State v. Allsup*, 3d Dist. Hardin No. 6-10-09, 2011-Ohio-404, ¶ 16 (Jan. 31, 2011), citing *State v. Sage*, 31 Ohio St.3d 173, 182 (1987). We will not disturb the exercise of that discretion absent a showing that the accused has suffered material prejudice. *State v. Long*, 53 Ohio St.2d 91, 98 (1978); *State v. Hymore*, 9 Ohio St.2d 122, 128 (1967), *certiorari denied*, 390 U.S. 1024, 88 S.Ct. 1409 (1968). An abuse of discretion suggests that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151,157 (1980).

**{¶8}** However, "if the party wishing to exclude evidence fails to contemporaneously object at trial when the evidence is presented, that party waives for appeal all but plain error." *State v. Bagley*, 3d Dist. Allen No. 1-13-31, 2014-Ohio-1787, ¶ 53-54, citing *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 59-60, *State v. Barrett*, 4th Dist. Scioto No. 03CA2889, 2004-Ohio-2064, ¶ 20, and *State v. Lenoir*, 2d Dist. Montgomery No. 22239, 2008-Ohio-1984, ¶ 19.

**{¶9}** "Crim.R. 52(B) governs plain-error review in criminal cases." *Bagley* at ¶ 55, citing *State v. Risner*, 73 Ohio App.3d 19, 24 (3d Dist.1991). "We recognize plain error 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *State v. Cartlidge*, 3d Dist. Seneca No. 13-18-33, 2019-Ohio-1283, ¶ 11, quoting *State v. Frye*, 3d Dist. Allen No. 1-17-30, 2018-Ohio-894, ¶ 94.

*Analysis*

**{¶10}** Initially, we must first determine if Tucker preserved this issue on appeal. We note that Tucker objected to the admission of State's Exhibits 2 through 5 arguing that those exhibits were *irrelevant*. Importantly, Tucker did not raise an objection at trial under either Evid.R. 403(A)'s or (B)'s balancing test, but rather lodged his objection under Evid.R. 402. The trial court overruled his objection on the basis that the photographs were relevant. For this reason, we will review the admission of these pictures for plain error. *Wendel* at ¶ 23.

**{¶11}** The burden to demonstrate plain error falls upon the party seeking to assert it. *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, ¶ 16; *State v. Hahn*, 3d Dist. Henry No. 7-21-02, 2021-Ohio-3789, ¶ 10. Significantly, Tucker failed to develop a plain-error argument on appeal, and thus, we will not fashion one for him. *See Hahn* at ¶ 10, citing *State v. Rottman*, 6th Dist. Lucas No. L-20-1061, 2021-Ohio-1618, ¶ 7. Consequently, we will not address Tucker's arguments related to Evid.R. 403(A) or (B).

**{¶12}** Accordingly, Tucker's second assignment of error is overruled.

**First Assignment of Error**

**Because the jury lost its way and created a manifest miscarriage of justice in convicting Appellant, Appellant's conviction for Failure to Comply with an Order or Signal of a Police Officer was against the manifest weight of the evidence.**

**{¶13}** In Tucker's first assignment of error, he argues that his failure-to-comply conviction is against the manifest weight of the evidence. Specifically, he asserts that he could not hear nor see the officer's audible and visual signals to stop.[1]

*Standard of Review*

**{¶14}** In determining whether a conviction is against the manifest weight of the evidence, a reviewing court must examine the entire record, "'weigh[ ] the evidence and all reasonable inferences, consider[ ] the credibility of witnesses and determine[ ] whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), *superseded by statute on other grounds*, *State v. Smith*, 80 Ohio St.3d 89 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). But, we must give due deference to the fact-finder, because

> [t]he fact-finder occupies a superior position in determining credibility. The fact-finder can hear and see as well as observe the body language, evaluate voice inflections, observe hand gestures, perceive the interplay between the witness and the examiner, and watch the witness's reaction to exhibits and the like. Determining credibility from a sterile transcript is a Herculean endeavor. A reviewing court must, therefore, accord due deference to the credibility determinations made by the fact-finder.

---

[1] To the extent Tucker's argument appears to sound in sufficiency, we need not address his argument since Tucker's assignment of error concerns the manifest weight of the evidence. *See* App.R. 12(A)(1)(b); App.R. 16(A)(3).

*State v. Williams*, 3d Dist. Logan No. 8-20-54, 2021-Ohio-1359, ¶ 8, quoting *State v. Dailey*, 3d Dist. Crawford, No. 3-07-23, 2008-Ohio-274, ¶ 7, quoting *State v. Thompson*, 127 Ohio App.3d 511, 529 (8th Dist.1998).  A reviewing court must, however, allow the trier of fact appropriate discretion on matters relating to the weight of the evidence and the credibility of the witnesses.  *State v. DeHass*, 10 Ohio St.2d 230, 231 (1967).  When applying the manifest-weight standard, "[o]nly in exceptional cases, where the evidence 'weighs heavily against the conviction,' should an appellate court overturn the trial court's judgment."  *State v. Haller*, 3d Dist. Allen No. 1-11-34, 2012-Ohio-5233, ¶ 9, quoting *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, ¶ 119.

*Analysis*

{¶15} Here, Tucker is challenging the jury's witness-credibility determination regarding the different versions of the events that Reinbolt and he testified to at trial regarding the high-speed chase.

{¶16} Reinbolt testified that he observed Tucker pull up on a yellow sport bike at a convenience store.  He was familiar with Tucker because he had prior law enforcement involvement with him.  When dispatch advised Reinbolt that Tucker's operator's license was suspended, and that Tucker had an active bench warrant out of Findlay, Reinbolt attempted to initiate a traffic stop by turning on his siren and his lights.  Reinbolt testified (and his dash-cam video corroborates) that Tucker looked back at Reinbolt over his shoulder and then executed a right turn.  (*See*

State's Ex. 6). Following that turn, Tucker accelerated the motorcycle reaching speeds up to 100mph and passing other motorists on the roadway. (*Id.*).

{¶17} On the contrary, Tucker testified that he never saw Reinbolt following him, and that he did not look over his shoulder, but rather was looking at the roadway. Tucker also testified that since he was wearing earbuds and listening to loud music and because of the noise of his motorcycle, he could not hear Reinbolt's siren even when it was within a few feet of him. (*See* State's Ex. 6). Tucker further testified that he had decreased visibility from his helmet, mirrors, and based upon the time of day, which prevented him from seeing Reinbolt following him or his lights. Moreover, Tucker maintained that he accelerated the motorcycle to avoid an accident with another motorist who appeared to be attempting to assist the officer (with Tucker's apprehension), and *not* to flee or elude from Reinbolt.

{¶18} Significantly, Tucker also provided other versions of the events to Reinbolt during the book-in process that were at variance with his trial testimony, which the jury had the opportunity to observe.[2] (*See* State's Ex. 7). Ultimately, Tucker admitted to Reinbolt that he "ran" from him because his operator's license was suspended, and that he did not want to go to jail on the Findlay warrant. (*Id.*).

{¶19} Based upon our review of the entire record, we conclude that the evidence supporting the jury's finding of guilt for failure to comply is of greater

---

[2] During booking, Tucker initially denied being on the motorcycle in question. Later, he conceded that he sat on and revved the engine of a yellow sport bike (owned by someone else) while seated in a stationary position at a convenience store. However, he denied driving the motorcycle off the premises.

weight than the evidence against it. Additionally, we do not conclude that jury's witness-credibility determination was unreasonable. Therefore, we do not conclude that the jury clearly lost its way, which created a manifest miscarriage of justice such that Tucker's failure-to-comply conviction must be reversed and new trial ordered. Consequently, we conclude that the jury's finding of guilt for failure to comply is not against the manifest weight of the evidence.

{¶20} Accordingly, Tucker's first assignment of error is overruled.

{¶21} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**WILLAMOWSKI, P.J. and WALDICK, J., concur.**

**/hls**